## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN MCCARTHY,         :

                        :      **Civil No. 1:15-CV-26**

     **Petitioner**        :

                        :      **(Judge Caldwell)**

**v.**                  :

                        :      **(Magistrate Judge Carlson)**

**WARDEN EBBERT,**     :

                        :

     **Respondent**      :

## REPORT AND RECOMMENDATION

### I.    Introduction

John McCarthy is a criminal recidivist, a violent armed felon, a persistent violator of prison rules who often combines rules violations with threatened and actual violence, and a prodigious, if prodigiously unsuccessful, federal habeas corpus petitioner. In this, his latest federal habeas corpus petition, McCarthy brings an array of claims that are identical to those previously presented by this inmate, protesting the calculation of his federal sentence and the outcome of various past disciplinary proceedings. None of these claims, however, merits the extraordinary remedy of federal habeas corpus relief. Rather, they constitute an abuse of this writ. Accordingly, for the reasons set forth below, it is recommended that this petition for writ of habeas corpus be denied.

## II.   Statement of Facts and of the Case

### A.   John McCarthy's Background[1]

McCarthy is currently serving a 235-month sentence imposed in the District of Connecticut for Possession of a Firearm By a Previously Convicted Felon in violation of 18 U.S.C. §§ 922(g) and 924(e).  (Doc. 9.)  Presently, McCarthy is scheduled for release from this federal sentence on January 23, 2017.  At the time that this federal sentence was imposed, McCarthy was also serving state sentences.  Indeed, McCarthy has a lengthy criminal history marked by repeated acts of violence.  McCarthy began his criminal career at age 16 and has amassed prior convictions for burglary, larceny, drug possession, disorderly conduct, breach of peace, robbery, failure to appear, and assault of a correctional officer.

While in federal custody, McCarthy has exhibited unrelenting disciplinary misconduct, misconduct that is frequently marked by violence.  McCarthy's disciplinary history includes numerous citations, including the following prison infractions:  Possession of a Dangerous Weapon; Assault (8 instances); Threatening Bodily Harm (2 instances); Being Unsanitary (7 instances); Refusing Work and/or

---

[1]McCarthy's background is derived from other recent habeas petitions filed by this inmate.  See McCarthy v. Ebbert, No. 1:14-CV-1905; McCarthy v. Ebbert, No. 1:14-CV-1910.

Refusing to Obey an Order (14 instances); Insolence (10 instances); Possessing Intoxicants (3 instances); Use of Drugs (2 instances); Refusing to Take an Alcohol Test (2 instances); Disruptive Conduct; Possessing Unauthorized Items; Making Sexual Proposals; Possession of Drugs/Alcohol; and Interfering With Security Devices. (Id., Giddings Decl. Ex. 1 ¶ 9; Worksheet Att. F to Ex. 1.)

Finally, McCarthy is a frequent, yet frequently unsuccessful, petitioner in federal court. See McCarthy v. Warden, USP Leavenworth, 168 F. Appx. 276, 277 (10th Cir. 2006). In fact, McCarthy has filed numerous § 2241 petitions challenging his federal sentence in four different United States District Courts, none of which found in his favor. See McCarthy v. Warden, Civ. No. 2:11-cv-2059, 2012 WL 882618 (W.D. La., Mar. 14, 2012); McCarthy v. Warden, USP Lewisburg,448 Fed. Appx. 287 (3d Cir. 2011) (affirming the District Court in McCarthy v. Warden, USP Lewisburg, Civ. No. 1:10-cv-1673, 2011 WL 484182 (M.D. Pa., Feb. 7, 2011); McCarthy v. Warden, Civ. No. 1:12-cv-00846, 2013 WL 3943551 (M.D. Pa., July 29, 2013); McCarthy v. Warden, USP Florence, 403 F.Appx. 319 (10th Cir. 2010). Many of McCarthy's prior petitions involve precisely the same issues which McCarthy raises in his current petition; namely, the calculation of McCarthy's sentence and the outcome of prior prison disciplinary proceedings.

### B.    McCarthy's Current Habeas Corpus Petition

It is against this backdrop that McCarthy advances an array of claims in this, his latest federal habeas corpus petition.  In this case, McCarthy belatedly challenges disciplinary decisions imposed against the petitioner many years ago.  Specifically, McCarthy challenges the outcome of disciplinary hearings conducted between five and ten years ago, in January 2010, September 2009, December 2006, September 2006, and April 2004.  In each instance, McCarthy's petition merely recites without any supporting factual detail that these longstanding disciplinary decisions were procedurally and substantively flawed.  Moreover, in each instance McCarthy demands familiar relief, relief that is identical to the relief unsuccessfully sought by McCarthy in many prior petitions:  Expungement of his disciplinary record and reconsideration of his past demands that he receive retroactive, concurrent credit for his state and federal sentences.  (Doc. 1.)

Further, McCarthy provides no explanation for his failure to raise these disciplinary hearing outcomes in a timely fashion in any of his multiple, prior habeas corpus petitions.  Nor does McCarthy explain why this Court should now reconsider his complaints regarding his sentence calculation, complaints that have been repeatedly examined, and rejected, by the courts in the past.

## II.     <u>Discussion</u>

This petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts).  <u>See, e.g.</u>, <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Summary dismissal of this habeas petition, is appropriate here since it is well-settled that, McCarthy's efforts to re-litigate these sentence calculation and prison discipline claims run afoul of the abuse of writ doctrine.  When a prisoner has previously had a full opportunity to present a habeas claim in one  in one forum, the "abuse of writ doctrine" applies and provides that:

> [A] court may grant controlling weight to a denial of a prior application for habeas corpus when three criteria are met:  (1) the same ground presented in the successive application was determined adversely to the applicant on the previous application; (2) the previous determination was made on the merits; and (3) "the ends of

justice" would not be served by reaching the merits of the subsequent application. . . .   In a case in which a successive petition includes a claim for relief already fully considered and rejected, if the Government opposes the petition on an abuse of the writ basis it has the burden to plead abuse of the writ and must make the claim with clarity and particularity in its answer to the petition. . . .   But once the Government has made a claim of abuse of the writ, the burden shifts to the petitioner to show that "the ends of justice" would be served by the court entertaining his petition, a showing that the petitioner satisfies by supplementing his claim by making a "colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).

Furnari v. U.S. Parole Comm'n, 531 F.3d 241, 250-51 (3d Cir. 2008) (some citations omitted).

When considering the scope of the abuse of writ doctrine we recognize at the outset that:  "The Supreme Court has held that the abuse of writ doctrine precludes inmates from [both] [1] relitigating the same issues in subsequent petitions or [2]  from raising new issues that could have been raised in an earlier petition. See McCleskey v. Zant, 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)." Boardley v. Grondolsky, 343 F. App'x 837, 839-40 (3d Cir. 2009). Furthermore, "[i]mportantly, . . . , under the abuse of the writ doctrine, a petitioner may not raise claims in a new § 2241 petition that could have been resolved in a previous action. See Zayas v. INS, 311 F.3d 247, 256 (3d Cir.2002); see also McCleskey v. Zant, 499 U.S. 467, 483-86, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)." Lee v. Williamson, 297 F. App'x 147, 148-49 (3d Cir. 2008).  Therefore,

a petitioner's failure to timely raise various claims in prior petitions may later foreclose belated efforts to reconsider those claims in subsequent petitions. Moreover, beyond the procedural limitations set on successive habeas petitions through the abuse of writ doctrine, it is also well-established that principles of *res judicata* apply to habeas petitions, and forbids the re-litigation of claims previously settled between the parties in prior litigation.  See Anselmo v. Hardin, 253 F.2d 165 (3d Cir. 1958).

Here, McCarthy has previously, repeatedly and unsuccessfully challenged past disciplinary proceedings and this sentence calculation, which declined to grant him highly favorable retroactive concurrent sentence credit against his federal sentence for time spent in state custody.  See McCarthy v. Warden, USP Leavenworth, 168 F. Appx. 276, 277 (10th Cir. 2006).  In fact, McCarthy has filed numerous § 2241 petitions challenging prior disciplinary citations and his federal sentence in four different United States District Courts, none of which found in his favor.  See McCarthy v. Warden, Civ. No. 2:11-cv-2059, 2012 WL 882618 (W.D. La., Mar. 14, 2012); McCarthy v. Warden, USP Lewisburg,448 Fed. Appx. 287 (3d Cir. 2011) (affirming the District Court in McCarthy v. Warden, USP Lewisburg, Civ. No. 1:10-cv-1673, 2011 WL 484182 (M.D. Pa., Feb. 7, 2011); McCarthy v. Warden, Civ. No. 1:12-cv-00846, 2013 WL 3943551 (M.D. Pa., July

29, 2013); <u>McCarthy v. Warden, USP Florence</u>, 403 F.Appx. 319 (10th Cir. 2010).

McCarthy has also on multiple occasions challenged past disciplinary citations in

a serial fashion.  <u>See</u> <u>McCarthy v. Ebbert</u>, No. 1:14-CV-1905; <u>McCarthy v. Ebbert</u>,

No. 1:14-CV-1910.

      Given McCarthy's extensive prior history of redundant filings, it is well-

settled that: "the burden shifts to the petitioner to show that 'the ends of justice'

would be served by the court entertaining his petition, a showing that the

petitioner satisfies by supplementing his claim by making a 'colorable showing of

factual innocence.' " <u>Furnari v. U.S. Parole Comm'n</u>, 531 F.3d 241, 250-51 (3d

Cir. 2008) (some citations omitted).  McCarthy has made no such showing here,

nor can he.  Therefore, this petition fails as matter of law under the abuse of writ

doctrine.

      More fundamentally, as we have previously noted, this sentence calculation

claim also fails on its merits.  In this setting, where we are considering the exercise

of prison officials' discretion under 18 U.S.C. §3621(b), "[o]ur review is limited to

whether the BOP abused its discretion.  <u>See</u> <u>Barden v. Keohane</u>, 921 F.2d 476,

478 (3d Cir.1991)."  <u>Vasquez v. Strada</u>, 684 F.3d 431, 434 (3d Cir. 2012).  Here

there plainly has been no abuse of discretion in the decision to decline early

favorable release to McCarthy, a violent criminal recidivist.  Rather, as one

appellate court noted when considering the merits of a similar claim by McCarthy:

> when a prisoner is subject to both state and federal sentences, both
> jurisdictions have considerable discretion in determining where a
> prisoner will be confined, with the sovereign that first arrests
> generally having primary jurisdiction.  Here, Connecticut had primary
> custody over Mr. McCarthy and credited time spent-prior to the
> commencement of his federal sentence-to his state sentence.  Because
> Mr. McCarthy has received state credit for this time and the federal
> district court did not order the federal sentence to be served
> concurrently with any state sentence, he does not deserve federal
> credit for his time spent in state custody.  See 18 U.S.C. § 3585(b)
> (allowing credit for time spent in detention prior to the
> commencement of a federal sentence where that time has not been
> credited on another sentence).  Further, in light of Mr. McCarthy's
> criminal history and prior convictions, the Bureau of Prisons did not
> abuse its discretion when it declined to designate a state institution
> for the service of his federal sentence.

McCarthy v.(FNU)(LNU), Warden, 168 F. App'x 276, 277 (10th Cir. 2006).

This observation remains as true today as it was when the court of appeals

rejected this same claim by McCarthy in 2006.  Indeed, the past nine years, which

have been marked by unrelenting violent prison misconduct by the petitioner,

simply underscore the fact that the Bureau of Prisons has prudently exercised its

wide-ranging discretion in this case, and has correctly concluded that McCarthy's

own persistent misbehavior disqualified him from receiving this favorable

treatment.

In sum, John McCarthy is a serial writ filer whose latest claims entail "[1] relitigating the same issues in subsequent petitions or [2] . . . raising new issues that could have been raised in an earlier petition. See McCleskey v. Zant, 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)." Boardley v. Grondolsky, 343 F. App'x 837, 839-40 (3d Cir. 2009). Therefore, McCarthy's current petition constitutes an abuse of the writ, which should be dismissed by this Court.

### III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Petition be DENIED and that a certificate of appealability should not issue. The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of March, 2015.

                ***S/Martin C. Carlson***

                Martin C. Carlson

                United States Magistrate Judge