UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN J. MCCARTHY,                          :
      Petitioner                          :
                                          :
      vs.                                 :   CIVIL No. 1:15-CV-026
                                          :
WARDEN, USP LEWISBURG,                     :
      Respondent                          :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On January 6, 2015, John McCarthy, a prisoner at United States Penitentiary Lewisburg, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In his petition, McCarthy challenges the calculation of his prison sentence, and he challenges the outcomes of various disciplinary proceedings. (Id.). On March 9, 2015, Magistrate Judge Carlson issued a Report and Recommendation. (Doc. 5). He recommends that we dismiss the petition because McCarthy's claims are barred by the abuse of the writ doctrine. (Id.).

On March 18, 2015, McCarthy timely filed objections to the Report and Recommendation. (Doc. 6). McCarthy objects to a *sua sponte* dismissal of his petition and argues that before his petition may be dismissed pursuant to the abuse of writ doctrine, he must be given notice and an opportunity to respond. (Id.). Because McCarthy filed objections, we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made."

28 U.S.C. § 636(b)(1)(C).  For the following reasons, we will adopt the Report and Recommendation in part.

Pursuant to the abuse of the writ doctrine, unless the petitioner can show cause and prejudice, or that a manifest injustice would result, a § 2241 petition is barred "when it raises a claim that was, or could have been, raised in an earlier petition." McCleskey v. Zant, 499 U.S. 467 (1991); Zayas v. INS, 311 F.3d 247, 257-58 (3d Cir. 2002) (holding that following the enactment of AEDPA, the pre-AEDPA doctrine of abuse of the writ remains applicable to § 2241 petitions).  Generally, before a court can *sua sponte* dismiss a petition pursuant to the abuse of writ doctrine, the petitioner must be given notice and an opportunity to respond.  See Femia v. United States, 47 F.3d 519 (2d Cir. 1995).

We find the abuse of the writ doctrine applicable to McCarthy's challenge to his sentence calculation.  McCarthy's federal sentence was imposed in 1994, when he was also serving sentences for various state convictions.  See McCarthy v. Warden, 448 F. App'x 287 (3d Cir. 2011).  The sentencing order was silent regarding whether McCarthy's federal term should run concurrent with his state sentences.  Id.  In 2008, McCarthy requested that his federal sentence be credited for the time spent in state custody.  Id.  That request was denied.  McCarthy v. Warden, 403 F. App'x 319 (10th Cir. 2010).  Thereafter, he has filed no less than five habeas petitions challenging the calculation of his sentence.  The instant petition raises the same issue.  Accordingly, the abuse of the writ doctrine applies.

Further, we find that sua sponte dismissal of the claim is appropriate. First, McCarthy has been given ample notice that the abuse doctrine applies to the challenge of his sentence. In at least four of McCarthy's previous petitions, the respective court held that the challenge of McCarthy's sentence was barred by the abuse of writ doctrine. See McCarthy v. Warden, 448 F. App'x 287 (3d Cir. 2011); McCarthy v. Warden, No. 11-CV-2059, 2012 WL 892211 (W.D. La. Jan. 30, 2012); McCarthy v. Warden, No. 10-CV-1673, 2011 WL 484182 (M.D. Pa. Feb. 7, 2011); McCarthy v. Warden, No. 10-CV-1673, 2010 WL 5775089 (M.D. Pa. Dec. 8, 2010). Moreover, we find that McCarthy had ample opportunity to respond. Because the opinions issued in McCarthy's prior petitions put him on notice, he had an opportunity in his instant petition, as well as in his objections to the Report and Recommendation, to show cause and prejudice or a manifest injustice. He failed to do so. Accordingly, we will adopt the Report and Recommendation with respect to McCarthy's challenge to his sentence and will dismiss the claim.

Next, we find that the abuse of the writ doctrine applies to McCarthy's challenges to his disciplinary proceedings. McCarthy's petition challenges seven separate proceedings, the latest of which was in January 2010. By our count, McCarthy has filed fifteen habeas petitions since January 2010. One of those petitions challenged a 2009 disciplinary proceeding, a proceeding that McCarthy re-challenges in the instant petition. The remaining fourteen petitions make no mention of the disciplinary proceedings about which McCarthy now complains. Therefore, because McCarthy's

current petition raises challenges that have already been, or could have been, raised in a previous petition, the abuse doctrine is applicable.

We find, however, that before we dismiss his disciplinary challenges, McCarthy should be given an opportunity to respond. Until the Report and Recommendation was issued, McCarthy was not on notice that the abuse of writ doctrine may bar his challenges to his disciplinary proceedings. Accordingly, we will retain jurisdiction, and we will give McCarthy fourteen days from the date of this order to show cause and prejudice or a manifest injustice. If McCarthy fails to respond, or if we find that he did not satisfy the requisite standard, we will adopt the remainder of the Report and Recommendation and dismiss McCarthy's claims.

AND NOW, this 26th day of March, 2015, upon consideration of the Report and Recommendation of Magistrate Judge Carlson (Doc. 5), filed on March 9, 2015, and Petitioner's objections thereto, it is ORDERED that:

1. The Report and Recommendation is ADOPTED in part.

2. Petitioner's challenge to the calculation of his prison sentence is dismissed.

3. Petitioner has fourteen (14) days from the date of this order to demonstrate why the remainder of his claims should not be dismissed pursuant to the abuse of the writ doctrine.

/s/William W. Caldwell
William W. Caldwell
United States District Judge